UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RUEBEN MATHIS, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT |
| -against- | |
| AIRCRAFT SERVICE INTERNATIONAL, INC., | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Rueben Mathis ("Mathis") ("Plaintiff"), along with other similarly situated employees who may join this action, by his attorneys, Shavitz Law Group, P.A. and Valli Kane & Vagnini LLP, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), on behalf of himself and all other persons similarly situated against Defendant Aircraft Service International, Inc., ("ASI") for violations of the FLSA.

2. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to properly pay intrastate Florida drivers ("Florida Drivers"), including Plaintiff, for all of their overtime hours worked.

# THE PARTIES

*Plaintiff*

*Rueben Mathis*

3. Mathis is a resident of Boca Raton, Florida.

4. Mathis worked for Defendant as a Florida Driver from approximately June 2021, to in or around May 2022 in Palm Beach County, Florida.

5. At all times relevant, Mathis was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6. Mathis's written consent to join this action is attached as Exhibit A.

*Defendant*

7. According to its LinkedIn page, Defendant "is a global provider of ground, fuel and airport facility services to airlines, airports, oil companies and industry partners around the world and are one of the market leaders for into-plane fuelling [sic] and fuel farm management services." (last visited July 18, 2022).

8. Aircraft Service International, Inc. is a Delaware corporation with its principal place of business in Grapevine, Texas.

9. Defendant employ Plaintiff and the proposed FLSA Collective (defined below) in each of its locations in the State of Florida.

10. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

13. At all times relevant, Plaintiff and the proposed FLSA Collective were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

14. Defendant has issued paychecks to Plaintiff and the proposed FLSA Collective during their employment.

15. Defendant has directed the work of Plaintiff and the proposed FLSA Collective and benefited from work performed that they suffered or permitted from them.

16. Throughout the relevant period, Defendant employed Plaintiff and the proposed FLSA Collective within the meaning of the FLSA. Defendant has substantial control over Plaintiff and the proposed FLSA Collective's working conditions and the unlawful policies and practices alleged herein.

17. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and the proposed FLSA Collective at all material times, including without limitation directly or indirectly controlling their terms of employment.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and 29 U.S.C. §§ 201, *et. seq*.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

21. Defendant is subject to personal jurisdiction. Plaintiff worked for Defendant at its location in West Palm Beach, Florida, which is within the jurisdiction and venue of this Court.

## PROPOSED FLSA COLLECTIVE

22. The proposed FLSA Collective is defined as follows:

> All intrastate drivers and employees in similar positions who are or were employed by Aircraft Service International, Inc. anywhere in the State of Florida at any time three years prior to the filing of this Complaint through the present and beyond.

## COMMON FACTUAL ALLEGATIONS

23. Plaintiff and the proposed FLSA Collective delivered fuel from Defendant's fuel facilities within the State of Florida to airports throughout and within the State of Florida.

24. Plaintiff and the proposed FLSA Collective did not drive interstate; that is, they did not drive in any state other than Florida or cross state lines to perform their duties.

25. While driving within the State of Florida, Plaintiff and the proposed FLSA Collective were subject to the rules and regulations created and implemented by the Florida Department of Transportation ("FDOT").

26. These FDOT rules and regulations included limits on the number of hours Plaintiff and the proposed FLSA Collective could work. For instance, FDOT requires that after 12 consecutive hours of work, drivers are required to take a ten hour break.

27. In addition, because Plaintiff and the proposed FLSA Collective were driving hazardous material (*i.e.*, aircraft fuel), FDOT required them to maintain a log book.

28. As Plaintiff's employer, Defendant was subject to and required to follow these, as well as all other applicable, FDOT rules and regulations.

29. Upon information and belief, during the relevant three-year statutory period, Defendant classified Plaintiff and the proposed FLSA Collective as non-exempt overtime eligible.

30. Defendant required Plaintiff and the proposed FLSA Collective to routinely work overtime hours (hours over 40 in a workweek), but did not pay them properly for all overtime hours worked.

31. On days when Plaintiff and the proposed FLSA Collective worked more hours than allowed by the FDOT rules and regulations (*i.e.*, more than 12 hours after a ten hour break), Defendant's implemented a policy and practice of deducting a full hour of pay from their paychecks, in order to give the appearance of compliance with FDOT rules and regulations. Thus, for example, when Plaintiff or a member of the FLSA Collective worked 12.5 hours in a single day, they were only paid for 11.5 hours.

32. This resulted in Plaintiff and the proposed FLSA Collective regularly being "shorted" overtime hours they worked, resulting in unpaid overtime – all to give the impression that Defendant was in compliance with FDOT rules and regulations.

33. Defendant is aware or should have been aware that Plaintiff and the proposed FLSA Collective worked overtime hours for which they were not properly paid. Upon information and belief, a comparison of the log books Plaintiff and the proposed FLSA Collective are required to keep (showing their actual hours worked) and their pay stubs (showing the hours for which they were paid) demonstrates that Defendant failed to properly pay Plaintiff and the proposed FLSA Collective for all overtime hours worked.

34. While Defendant may have paid Plaintiff and the proposed FLSA Collective for *some* overtime hours worked, Defendant failed to pay them *properly* for *all* of their overtime hours worked.

35. Defendant's FLSA violations are continuous and ongoing.

### **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference all preceding allegations.

37. Plaintiff brings this action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and the proposed FLSA Collective.

38. Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the proposed FLSA Collective.

39. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the proposed FLSA Collective overtime pay for all hours worked in excess of 40 per workweek.

40. Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices of Defendant's failure to pay overtime compensation for overtime hours worked.

41. Defendant failed to make an adequate inquiry into whether Plaintiff and the FLSA Collective were being paid for all hours worked.

42. Upon information and belief, Defendant did not conduct any audit, analysis, or study to ensure that it compensated Plaintiff and the FLSA Collective for all of their hours worked.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
**(Brought on Behalf of Plaintiff and the Proposed FLSA Collective)**

44. Plaintiff incorporates by reference all preceding allegations.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

46. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

47. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

48. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. Defendant has failed to pay Plaintiff and the FLSA Collective all of the overtime wages to which they were entitled under the FLSA.

50. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

51. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's willful violations of the FLSA, Plaintiff and the proposed FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

54. As a result of the unlawful acts of Defendant, Plaintiff and the proposed FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

Plaintiff and the proposed FLSA Collective demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the proposed FLSA Collective seek the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Attorneys' fees and costs of the action;

  F. An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective; and

  G. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: July 25, 2022  
   Boca Raton, Florida

Respectfully submitted,

_____  
Gregg I. Shavitz  
Alan Quiles  
SHAVITZ LAW GROUP, P.A.  
981 Yamato Road, Suite 285  
Boca Raton, FL 33431  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
gshavitz@shavitzlaw.com  
aquiles@shavitzlaw.com

Sara Wyn Kane*  
Alexander M. White*  
VALLI KANE & VAGNINI, LLP  
600 Old Country Road, Suite 519  
Garden City, New York 11530  
Telephone: (516) 203-7180  
Facsimile: (516) 706-0248  
skane@vkvlawyers.com  
awhite@vkvlawyers.com

*Attorneys for Plaintiff and the Proposed FLSA Collective*

*To be admitted *pro hac vice*